**NORTHUMBERLAND COUNTY et al. v. PHILADELPHIA AND READING COAL & IRON CO.**

**No. 19711.**

District Court, E. D. Pennsylvania.

Dec. 29, 1943.

John L. Pipa, Jr., and Daniel W. Kearney, both of Shamokin, Pa., for petitioners.

Penrose Hertzler, of Pottsville, Pa., and Arthur Littleton, of Philadelphia, Pa., for debtor.

KALODNER, District Judge.

This matter came to trial before me without a jury. The single issue involved under the ruling of the United States Circuit Court of Appeals for this Circuit in Northumberland County et al. v. Philadelphia and Reading Coal and Iron Company, 131 F.2d 562, is as to whether or not certain lands were "seated" or "unseated".

In accordance with the opinion cited, testimony of qualified witnesses was heard both as to the actual character of the land involved and the amount of tax due.

Upon consideration of the record, and the testimony I make the following findings of fact:

1. That the above-named petitioners are municipal taxing bodies duly functioning within the County of Northumberland, Pennsylvania.

2. That the Philadelphia & Reading Coal & Iron Company, debtor above-named, was the owner of and did, by deed dated December 20, 1938, recorded in the office for the recording of deeds in and for the County of Northumberland, Pennsylvania, in Deed Book 272, page 663, and in Deed Book 272, page 660, sell and convey to the Great Anthracite Coal Company the following tracts of land,

(a) Situate in Coal Township, Northumberland, Pennsylvania: Frederick Kramer, consisting of 276 acres; Michael Kroll, consisting of 134 acres; Robert Taggart, consisting of 6 acres; Zimmerman & Heller, consisting of 20 acres; Thomas Gaskins, consisting of 224 acres; Thomas Adams, consisting of 206 acres; Thomas Foster, consisting of 38 acres; Wm. Marshall, consisting of 9 acres; Pt. William Black, consisting of 6 acres; Wm. Kiehl, consisting of 26 acres; Chas. Daring, consisting of 25 acres; Godfrey Waters Estate, consisting of 24 acres.

(b) Situate in Mt. Carmel Township: McIntyre lands, consisting of 409 acres.

(c) Situate in West Cameron Township: John Cowden, consisting of 192 acres; Wm. Cook, consisting of 412 acres; John H. Cowden, consisting of 109 acres; Alexander Hunter, consisting of 237 acres; Samuel Scott, consisting of 240 acres; Jere Jackson, consisting of 112 acres; Arch Gardner, Jr., consisting of 430 acres; Arch Gardner, Sr., consisting of 110 acres.

(d) Situate in Zerbe Township: J. N. Bailey, consisting of 165 acres; John Cow-

den, consisting of 103 acres; Wm. Gray, consisting of 91 acres; Thomas Grant, consisting of 489 acres; Thomas Hamilton, consisting of 87 acres; H. Himmelreich, consisting of 90 acres; Michael Kroll, consisting of 69 acres; Peter Maurer, consisting of 163 acres; John G. Martin, consisting of 12 acres; George Prince, consisting of 89 acres; Peter Sassaman, consisting of 203 acres; Wm. Wilson, consisting of 80 acres; Wm. Wilson, consisting of 206 acres; Henry Yoxtheimer, consisting of 50 acres; Isaac Zeigler, consisting of 82 acres; M. Zimmerman, consisting of 23 acres; Pt. John Berger, consisting of 9 acres; John Martin, consisting of 5 acres.

3. That the petitioners above-named, for the years 1937 and 1938, duly assessed and levied a tax on the tracts of land named in the next preceding request.

4. That the Philadelphia & Reading Coal & Iron Company, debtor above-named, conveyed said lands to the Great Anthracite Coal Company with the taxes assessed and levied by the above-named petitioners for the years 1937 and 1938 unpaid.

5. That the lands situate in Mt. Carmel Township and conveyed to the Great Anthracite Coal Company, known as the McIntyre Lands, consisting of 409 acres, are seated lands.

6. That the lands situate in Coal Township, known as the Frederick Kramer tract, consisting of 276 acres, are seated lands.

7. That the lands situate in Coal Township, known as the Thomas Gaskin lands, consisting of 224 acres, are seated lands.

8. That the lands situate in Coal Township, known as the William Marshall lands, consisting of 9 acres, are seated lands.

9. That the lands situate in Coal Township, known as the Godfrey Waters Estate lands, consisting of 24 acres, are seated lands.

10. That on the McIntyre lands, situate in Mt. Carmel Township, there is due the School District of Mt. Carmel Township, for the year 1937, taxes in the amount of $7,793.50, with a penalty of $389.68 and interest of $2,649.79, or a total of $10,832.97.

11. That on the McIntyre lands, situate in Mt. Carmel Township, there is due the County of Northumberland, for the year 1937, taxes in the amount of $1,263.81, with a penalty of $63.19 and interest of $429.70, or a total of $1,756.70.

12. That on the McIntyre lands, situate in Mt. Carmel Township, there is due the School District of Mt. Carmel Township, for the year 1938, taxes in the amount of $10,582.31, with a penalty of $529.12 and interest of $2,963.05, or a total of $14,074.48.

13. That on the McIntyre lands, situate in Mt. Carmel Township, there is due Mt. Carmel Township, for the year 1938, taxes in the amount of $842.54, with a penalty of $42.13 and interest of $235.91, or a total of $1,120.58.

14. That on the McIntyre lands, situate in Mt. Carmel Township, there is due the County of Northumberland, for the year 1938, taxes in the amount of $5,897.78, with a penalty of $294.88 and interest of $1,651.38, or a total of $7,844.04.

15. That on the Frederick Kramer tract, situate in Coal Township, there is due the School District of Coal Township, for the year 1937, taxes in the amount of $12,420, with a penalty of $621 and interest of $4,222.80, or a total of $17,263.80.

16. That on the Frederick Kramer tract, situate in Coal Township, there is due the County of Northumberland, for the year 1937, taxes in the amount of $993.60, with a penalty of $49.68 and interest of $337.82, or a total of $1,381.10.

17. That on the Frederick Kramer tract, situate in Coal Township, there is due the School District of Coal Township, for the year 1938, taxes in the amount of $13,248, with a penalty of $662.40 and interest of $3,709.44, or a total of $17,619.84.

18. That on the Frederick Kramer tract, situate in Coal Township, there is due the Township of Coal, for the year 1938, taxes in the amount of $5,216.40, with a penalty of $104.33 and interest of $1,695.33, or a total of $7,016.06.

19. That on the Frederick Kramer tract, situate in Coal Township, there is due the County of Northumberland, for the year 1938, taxes in the amount of $5,133.60, with a penalty of $256.68 and interest of $1,437.41, or a total of $6,827.69.

20. That on the Thomas Gaskins tract, situate in Coal Township, there is due the School District of Coal Township, for the year 1937, taxes in the amount of $2,814, with a penalty of $140.70 and interest of $956.76, or a total of $3,911.46.

21. That on the Thomas Gaskins tract, situate in Coal Township, there is due the County of Northumberland, for the year 1937, taxes in the amount of $225.12, with a penalty of $11.26 and interest of $76.54, or a total of $312.92.

22. That on the Thomas Gaskins tract, situate in Coal Township, there is due the School District of Coal Township for the year 1938, taxes in the amount of $3,001.60, with a penalty of $150.08 and interest of $840.45, or a total of $3,992.13.

23. That on the Thomas Gaskins tract, situate in Coal Township, there is due the Township of Coal, for the year 1938, taxes in the amount of $1,181.88, with a penalty of $23.64 and interest of $384.11, or a total of $1,589.63.

24. That on the Thomas Gaskins tract, situate in Coal Township, there is due the County of Northumberland, for the year 1938, taxes in the amount of $1,163.12, with a penalty of $58.15 and interest of $325.68, or a total of $1,546.95.

25. That on the William Marshall tract, situate in Coal Township, there is due the School District of Coal Township, for the year 1937, taxes in the amount of $57.38, with a penalty of $2.87 and interest of $19.51, or a total of $79.76.

26. That on the William Marshall tract, situate in Coal Township, there is due the County of Northumberland, for the year 1937, taxes in the amount of $4.59, with a penalty of $.23 and interest of $1.56, or a total of $6.38.

27. That on the William Marshall tract, situate in Coal Township, there is due the School District of Coal Township, for the year 1938, taxes in the amount of $61.20, with a penalty of $3.06 and interest of $17.14, or a total of $81.40.

28. That on the William Marshall tract, situate in Coal Township, there is due the Township of Coal, for the year 1938, taxes in the amount of $24.10, with a penalty of $.48 and interest of $7.83, or a total of $32.41.

29. That on the William Marshall tract, situate in Coal Township, there is due the County of Northumberland, for the year 1938, taxes in the amount of $23.72, with a penalty of $1.19 and interest of $6.64, or a total of $31.55.

30. That on the Godfrey Waters tract, situate in Coal Township, there is due the School District of Coal Township, for the year 1937, taxes in the amount of $45, with a penalty of $2.25 and interest of $15.30, or a total of $62.55.

31. That on the Godfrey Waters tract, situate in Coal Township, there is due the County of Northumberland, for the year 1937, taxes amounting to $3.60, with a penalty of $.18 and interest of $1.22, or a total of $5.

32. That on the Godfrey Waters tract, situate in Coal Township, there is due the School District of Coal Township, for the year 1938, taxes in the amount of $48, with a penalty of $2.40 and interest of $13.44, or a total of $63.84.

33. That on the Godfrey Waters tract, situate in Coal Township, there is due the Township of Coal, for the year 1938, taxes in the amount of $18.90, with a penalty of $.38 and interest of $6.14, or a total of $25.42.

34. That on the Godfrey Waters tract, situate in Coal Township, there is due the County of Northumberland, for the year 1938, taxes in the amount of $18.60, with a penalty of $.93 and interest of $5.22, or a total of $24.75.

35. That the lands situate in Coal Township, Northumberland County, Pennsylvania, conveyed away by debtor to Great Anthracite Coal Company, by deed dated December 20, 1938, and recorded in the office for the recording of deeds in and for the County of Northumberland, in Deed Book 272, pages 660 and 663, namely: Michael Kroll, 134 acres; Robert Taggart, 6 acres; Zimmerman & Heller, 20 acres; Thomas Adams, 206 acres; Thomas Foster, 38 acres; Pt. Wm. Black, 6 acres; Wm. Kiehl, 26 acres; Chas. Daring, 25 acres, are unseated lands.

36. That the lands situate in West Cameron Township, Northumberland County, Pennsylvania, conveyed away by debtor to Great Anthracite Coal Company, by deed dated December 20, 1938, and recorded in the office for the recording of deeds in and for the County of Northumberland, in Deed Book 272, pages 660 and 663, namely: John Cowden, 192 acres; Wm. Cook, 412 acres; John H. Cowden, 109 acres; Alexander Hunter, 237 acres; Samuel Scott, 240 acres; Jere Jackson, 112 acres; Arch Gardner, Jr., 430 acres; Arch Gardner, Sr., 110 acres, are unseated lands.

37. That the lands situate in Zerbe Township, Northumberland County, Pennsylvania, conveyed away by debtor to Great

Anthracite Coal Company, by deed dated December 20, 1938, and recorded in the office for the recording of deeds in and for the County of Northumberland, in Deed Book 272, pages 660 and 663, namely: J. N. Bailey, 165 acres; John Cowden, 103 acres; Wm. Gray, 91 acres; Thomas Grant, 489 acres; Thomas Hamilton, 87 acres; H. Himmelreich, 90 acres; Michael Kroll, 69 acres; Peter Maurer, 163 acres; John G. Martin, 12 acres; George Prince, 89 acres; Peter Sassaman, 203 acres; Wm. Wilson, 80 acres; Wm. Wilson, 206 acres; Henry Yoxtheimer, 50 acres; Isaac Zeigler, 82 acres; M. Zimmerman, 23 acres; Pt. John Berger, 9 acres; John Martin, 5 acres, are unseated lands.

### Discussion.

The United States Circuit Court of Appeals in Northumberland County et al. v. Philadelphia and Reading Coal & Iron Co., supra, ruled that a debtor in possession under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, is personally liable for taxes upon Pennsylvania land which had been assessed as unseated, if it is established that at the time of the assessment the land was in fact seated. The court further held (131 F.2d at page 566) in accordance with the Pennsylvania rule [1]:

" 'Whether a tract of land is seated or unseated depends altogether upon the appearance it presents to the assessor at the time of the assessment. If it has been or is being improved by clearing or cultivation, or by the erection of a building upon it, or if the property shows such permanent improvements as indicate a personal responsibility for the taxes, it is the assessor's duty to enter it upon the seated list.'

"The rule thus laid down is that the question whether land is seated or unseated depends altogether upon what has been or is being done upon it, the court indicating that personal liability for taxes arises as a direct consequence of the improvement itself. That the liability does not arise if the assessor erroneously places on the seated list land actually unseated and is not extinguished if land in fact seated is scheduled as unseated clearly appears when we consider the rationale of the cases dealing with sales of land for delinquent taxes."

Applying the test laid down in Everhart v. Dolf, supra, the testimony here clearly established that the lands described in Findings of Fact Nos. 5 to 9, inclusive, are seated, and that the lands described in Findings of Fact Nos. 35 to 37, inclusive, are unseated.

With respect to the lands which have been found to be seated, the testimony established that the amount of tax due thereon is as set forth in Findings of Fact Nos. 10 to 34, inclusive.

In accordance with the above I state the following conclusions of law:

1. That there is personal liability on the Philadelphia and Reading Coal and Iron Company, debtor in bankruptcy No. 19711, for taxes due and unpaid on certain lands in amounts set forth in Findings of Fact Nos. 10 to 34, inclusive.

2. That there is no personal liability against the Philadelphia and Reading Coal and Iron Company with respect to unseated lands set forth in Findings of Facts Nos. 35 to 37, inclusive.

An order for judgment may be submitted in accordance with this opinion.

---

[1] Everhart v. Dolf, 1890, 133 Pa. 628, 642, 19 A. 431, 432.